ELIZA W. PARKHURST, as Executrix, etc., Respondent *v.*
ROBERT H. BERDELL *et al.*, Appellants.

*N. Y. Supreme Court, Second Department, General Term, May, 13, 1889.*

1. *Mortgages. Delivery.*—A notification by a mortgagor to the personal
   representative of the mortgagee that he has placed the mortgages
   on record, constitutes, not only a delivery of the instruments in
   law, but also an acknowledgment of their validity.

2. *Same. No bonds.*—The failure to produce the bonds which usually
   accompany mortgages, where the mortgages do not recite the
   bonds, and the defendant, who claims to have had them in his
   possession, fails to produce them, constitutes no defense in an
   action to foreclose said mortgages.

3. *Same. Wrongful possession.*—Evidence held sufficient to rebut the
   claim of the mortgagor that the mortgages were wrongfully taken
   from his possession and placed upon record, and that they had
   no validity or inception as valid instruments.

Appeal from a judgment entered at special term.

*Bartlett, Wilson & Hayden (Philip L. Wilson,* of counsel),·
for appellants.

*Fullerton & Rushmore (S. W. Fullerton,* of counsel), for
respondent.

DYKMAN, J.—These two actions were brought to foreclose
two mortgages given by Robert H. Berdell and his wife, to
Sylvester C. Parkhurst. The actions were both tried at
special term, and judgment rendered in both respectively in
favor of the plaintiff. An appeal has now been taken from
the judgment in both actions.

On the 25th day of May, 1864, Robert H. Berdell executed,
with his wife, to Sylvester Parkhurst, the plaintiff's testator,
three mortgages, on three different parcels of real estate in
the city of Brooklyn, one on what was called Dean street

property, one on Hudson avenue property, and one on property designated as Twenty lots.

Three actions were brought to foreclose these three respective mortgages, all of which were tried, and in each of which the plaintiff recovered the usual judgment of foreclosure and sale. An appeal was taken from the judgment in the Hudson avenue case, and was heard at a general term of this court, and the judgment was affirmed, and now these appeals are brought from the judgment in the other two cases.

The defenses set up in the actions were as follows, substantially : that both the mortgages were duly executed and acknowledged, no consideration was ever received therefor, and that they were never delivered to the mortgagee in his life-time, and that after the death of the mortgagee, these mortgages were wrongfully placed upon record, without the knowledge of the mortgagor.

The finding of the trial judge was in favor of the plaintiff, and all the facts were found which authorized the judgments appealed from.

The finding in favor of the delivery of the mortgage by the mortgagor was sustained by the evidence on the part of the plaintiff. Upon that subject it appeared that after the death of the mortgagee, in May, 1874, the mortgagor became possessed of the mortgages, and caused them to be placed upon record, and notified the plaintiff who was then the executor of the mortgagee, of such fact.

Such notification of the recording of the mortgages, not only constituted a delivery of the instruments in law, but it constituted also an acknowledgment by the mortgagor of the validity of the mortgages which he so voluntarily placed upon the record.

In the Hudson avenue case, previously decided by this court, the testimony was deemed sufficient to establish the consideration for the mortgages, and a delivery of those

instruments by the mortgagor, and in these two cases such evidence is strengthened by the testimony of two additional witnesses.

The contention of the mortgagor respecting the payment of these mortgages, which might otherwise arise from his possession of the instruments, requires no consideration, because the defense of payment is not set up in the answer.

The possession of the instruments after they were recorded, is fully accounted for, because the mortgagor himself testifies that he went to the office and procured them after they were recorded, and that he had retained them in his possession since that time.

Neither does the failure to produce the bonds which ordinarily accompany mortgages, constitute any defense in these cases. It is true Mr. Berdell testified that there was a bond given to accompany each mortgage, but the trial judge found that fact against him, and his finding is justified from the testimony.

The mortgages do not recite the bonds, and the failure of the mortgagor to produce them, although, as he says, he had them in his possession, was a circumstance which alone would justify the finding of the trial judge upon that point.

It is claimed also that the mortgages were wrongfully taken from the possession of the mortgagor and placed upon record, and that they had no validity and no inception as valid instruments : but the testimony of the plaintiff on that subject was, that the mortgagor told her immediately after the mortgages were recorded that he had caused them to be placed on record, and the witness Sage, testified that he took the mortgages to the recording office and left them there to be recorded, at the request of the mortgagor, and the witness, Van Bokelin testified that upon the trial of another action, the mortgagor himself swore that these mortgages were valid instruments. The testimony of the mortgagor himself was, that he procured the mortgages from the recording offices not long after they were recorded, and that he

kept them in his possession from that time down to the time
of the trial.   The plaintiff testified that at no time did the
mortgagor ever complain to her that the mortgages had been
wrongfully taken from his possession, and that he at no
time requested her to surrender them or satisfy them.

We find no  errors in the reception or rejection of testi-
mony; that the finding of the trial judge, both of law and
fact are entirely justified, and that the judgments in both
cases should be affirmed, with costs.

All concur.